## GENERAL COURT, MAY TERM, 1805.

### Howard *vs.* The Levy Court, &c.

Cause shown by the justices of a levy court why a *mandamus* should not issue against them to levy money, &c

The defendant, and not the plaintiff, is answerable for the poundage fees on executions

If property is taken under a *fi. fa.* and the plaintiff and defendant compromise, the sheriff may sell to the amount of his poundage fees.

Where there are several executions against several defendants for the same debt, the sheriff is entitled to poundage fees only on the sum *really due*

Where executions go to different counties on either a joint judgment or on several judgments for the same debt, the sheriffs of such counties must divide amongst them the poundage fee on the real debt.

MOTION by the plaintiff for a rule on the justices of the levy court of *Anne Arundel* county, to shew cause why a writ of *mandamus* should not issue to them, and each and every of them, as justices as

aforesaid, commanding them to allow and levy upon
the assessable property of the said county, and cause
to be collected and paid to the plaintiff, a sum of mo-
ney due to him as poundage and other fees, in execut-
ing, as sheriff of the said county, sundry writs of
*capias ad satisfaciendum* issued out of the general
court at the instance and for the use of the justices of
the levy court aforesaid, against sundry persons, as
particularly mentioned in the affidavit produced and
filed.    The affidavit stated, that the plaintiff was duly
elected and commissioned sheriff of *Anne-Arundel*
county for the years 1801, 1802 and 1803, and gave
bonds, with security, and took the several oaths re-
quired by law, and served as sheriff of the said
county during the said years.    That during his con-
tinuance in his said office as sheriff, to wit, on the
25th of August 1801, four writs of *capias ad satisfa-*
*ciendum* issued out of the general court, on four se-
parate judgments, rendered in that court, in favour of
the justices aforesaid, and were directed and deliver-
ed to him as sheriff of the county aforesaid, that is
to say, &c. which writs were severally endorsed to be
released on payment of £1800 current money, with
interest thereon from the 14th of June 1797, till paid,
and 757 wt. tobacco, costs, and that any payments
which had been made appear to J. M. before the 20th
of August 1801, were to be allowed.    That these ex-
ecutions were served on each of the defendants, and
so returned to the general court at October term 1801,
and were entered *not called by consent.* That the
plaintiff's poundage and other fees for serving said ex-
ecutions, amounted to 280*l* 18*s* 4*d* current money.
The affidavit further stated, that four other similar
executions issued at the same time, in the same man-
ner, and at the instance and for the use of the said levy
court, against certain other persons, each endorsed
to be released on payment of £920 current money,
with interest from the 22d of June 1797 till paid, and
757 wt. of tobacco, costs, with a similar direction as
to the payments to be allowed; which last executi-
ons were served on each of the defendants, and so re-

MAY 1805.

Howard
vs.
The Levy Court.

turned to October term 1801, and were in like manner entered *not called by consent.* That the poundage and other fees due the plaintiff on these last writs, amounted to 135*l* 3*s* 4*d* current money. That he applied to the levy court to levy the amount of his account for fees as aforesaid, amounting in the whole to the sum of 412*l* 1*s* 8*d* current money, and that they refused to levy more than the sum of 25*l* 12*s* 7 1-2*d*, alleging that the whole of the money, as endorsed on the said several executions, was not due from the defendants; and that the four first mentioned executions all issued for one and the same sum of money, except costs; and that the four other executions issued for one and the same sum of money, except costs. That the balance due him, not levied, amounts to 386*l* 9*s* 0 1-2*d* current money, as per account exhibited and filed.

*Notice* of the intended motion was served on each of the said justices, and the rule laid to shew cause by a particular day during the term.

*Shaaff* appeared on the part of the levy court, and filed the following answer, to wit:

The levy court of *Anne-Arundel* county do hereby certify and state to the honourable the judges of the general court, in answer to the application of *Henry Howard* for a writ of *mandamus* to be directed to the justices of the said levy court:—

That we believe that four writs of *capias ad satisfaciendum* issued, as the said *Howard* hath stated in the affidavit on which he grounds his said application, but for greater certainty we refer to the writs themselves; that although the said writs are endorsed as they appear, yet they were only for the payment of one sum of money, and the costs of each separate judgment; and it appears from the records of our court, that there was not more due than the sum, for which poundage fees hath been allowed. We also state, that we believe that the other writs of *capias ad satisfaciendum* issued as stated in the affidavit upon which the said application is grounded, but for greater certainty we refer to writs themselves; and that although the said writs are endorsed, as they

purport to be, yet it appears from our records that
there was not more due than the sum for which
poundage fees hath been allowed. That the aforesaid
*Howard,* in January last, presented the account which
is herewith produced, claiming to be paid his pound-
age fees upon each several execution upon the several
sums for which the said executions were respectively
endorsed. But the levy court, upon full deliberation,
did not think that they could, consistently with their
duty, levy for the said *Howard* more for his poundage
fees than what would be due him, calculating the said
fees upon the sum due and receivable upon the whole
of the said executions; and that the levy court did, at
the time of laying the levy, direct to be levied for him
his poundage fees aforesaid, calculating them accor-
ding to that principle, which the court then thought
and still think correct. We further state, that the
levy hath been already laid, and a collector appointed
to collect the same for the present year, and that no
*further* levy is intended to be made during the period
for which by law our present commission as justices
of the levy court will continue, nor will the collector
already appointed by us be accountable under his bond
already given for any future levy which may be laid.
We therefore submit to this honourable court, whether
it would be proper to direct a *mandamus* to the pre-
sent members of the levy court, to levy a sum of mo-
ney for the said *Howard,* when the next levy for the
said county will be laid at a time when the levy court
will be acting under a new commission, and more es-
pecially as this claim for poundage fees, if it ever
had any foundation, should not have laid dormant
until the last levy for our said county. We further
beg liberty, with all proper respect, to certify to your
honourable body, that we conceive, by the laws of
this state, the power and the right to lay the levies on
the people of the several counties, are exclusively
vested in the respective levy courts, the members of
which are alone responsible to the government and
the public for their conduct; and that on this occa-
sion, having acted deliberately on the question, and

MAY 1805.

Howard
vs
The Levy Court

being of opinion that we could not with propriety tax the people of *Anne-Arundel* county with this claim of the said *Howard*, we trust and hope that it will not be considered within the power of the judiciary to grant the writ of *mandamus* applied for.

Signed by order,        *N. H.* Clk. L. C. A. A. Cty.

*Shaaff.*    Several objections arise as to the plaintiff's right.

1. The sheriff is only entitled to claim poundage fees on one debt where several executions issue for the same debt.

2. The levy court are annually appointed, and the defendants may not be in commission when the next levy is to be laid. The laying of levies is exclusively vested in the justices of the levy court, and they are not subject to the control of the judiciary. The justices of the levy court are appointed under the act of 1794, *ch.* 53. If the judiciary has the right to control the levy court, they may incidentally lay the levy.

3. The levy court have already discharged their duty in laying the levy for the present year, and have appointed a collector, and taken his bond. The case of *Ellicott et al. vs. The Levy Court, &c.* (*ante* 359,) is different from the present case; in that case there was a law directing them to levy the money.

4. The justices of the levy court do not act in a ministerial, but in a judicial capacity; and a writ of *mandamus* never issues to judges acting judicially. *The United States vs. Lawrence, (3 Dall. Rep.* 42.)

The justices of the levy court can only make one levy in the year. They may not be in office next year. If they lay another levy now, the collector's bond will not be answerable. *Quynn vs. The State, use of Pue,* et al. (*ante* 36.) There can be no appeal in this case, and if the court direct the levy to be made for the plaintiff's demand, the defendant will be without appeal. There was a less sum due than the *ca. sa's.* issued for. The levy court did levy for the poundage fees on the balance due on the *ca. sa's.* This point as to poundage fees on several *ca. sa's.* for the

same debt, was decided at October 1804, in the case of *Tilly vs. Harwood,* and this court there said, the plaintiff should only have poundage fees *for one debt.* The poundage fees are given to compensate the sheriff for his risk—and it cannot be said that there is any risk if little or nothing is due. In an action for an escape, the plaintiff could only recover what was justly due. If a *ca. sa.* is entered *not called by consent,* it is for the benefit of the defendant, and he is to pay the poundage fees, and not the plaintiff. If the plaintiff is to pay the poundage fees, it not being the costs legally taxed in the case, he may pay away the whole amount of the debt, if the execution is entered not called, at several terms, without receiving a cent from the defendant. The general opinion is, that the defendant is to pay the poundage fees on an execution entered not called. Such entry is often beneficial to the sheriff. He cited *5 T. R.* 470.

CHASE, Ch. J. The Court wish to hear counsel, whether the sheriff has a right to charge poundage fees on each execution, where there are several executions for the same debt; and whether the plaintiff, and not the defendant, is answerable to the sheriff for the poundage fees?

*Ridgely,* for the motion. It has been decided in this court, in the case of *Court vs. Reeder,* about the year 1791, that the plaintiff is answerable to the sheriff for the poundage fees on an execution. So also in 2 *T. R.* 132, 157. If an erroneous writ issues, the sheriff is to have his fees. *Salk.* 332. Suppose separate *ca. sa's.* against three solvent and one insolvent person. If the solvent persons are brought into court, and the other not, the sheriff is liable to an action of escape. In the case of *Stewart vs. Dorsey's Executors, ( 3 Harr. & M'Hen.* 401,) the defendant was bound by the promise made by her testator, to pay the fees, otherwise the plaintiff could not have recovered them from her.

*Key*, also for the motion, stated, that he had authorities to shew that this court can direct the *mandamus* to the levy court; but as they have intimated that the other points should be first argued, he would proceed to examine them.

1. If a *ca. sa.* is entered not called, who is to pay the poundage fees?

2. To what extent is the sheriff to charge?

*First point.* The sheriff is called upon to execute the writ of execution by the plaintiff, and not by the defendant. The plaintiff is benefitted by the service of the writ by the sheriff. He never heard that a person is to pay for what he does not require to be performed for him. Can a promise be implied from the defendant? The sheriff cannot detain the defendant after the debt and costs have been paid to the plaintiff, or after the plaintiff and defendant have agreed that the execution shall not be called. There is no law to authorise the detention until the poundage fees are paid. The sheriff, by the writ, is to have the defendant to satisfy the debt and costs, and if they are paid, the command is at an end. The poundage fees are no part of the costs. If the sheriff is not competent to detain the defendant, who then is to pay the poundage fees? Why surely the plaintiff. The defendant being in gaol, the question was, who was to pay the poundage fees? And it was decided that the plaintiff was. *Imp. Shff.* 145. He also cited *Salk.* 230. 2 *T. R.* 126.

*Second point.* The poundage fees are given for the risk the sheriff runs; and he has the same risk with all the defendants. The escape of any one may saddle the sheriff with the debt. The plaintiff should not execute but one of the writs. It is his folly if he issues against all. Suppose *ca. sa's.* to four separate counties, against four joint defendants residing in different counties—distinct liabilities are created upon all the sheriffs severally. Will it be said that each may not charge poundage fees? A division of the poundage fees is a novel idea. If three sheriffs bring in the persons they take in execution, but the fourth sheriff does not, and is defaulted, and judgment

against him for the *whole debt,* one fourth of the poundage fees is no compensation for his risk. If this idea is correct as to different counties, it is equally applicable to one county, where there are several executions against several defendants for one and the same debt. *Fi. fa's.* are different, for different fees grow out of different acts. The sheriff has poundage fees upon the sum levied, or the sum for which the property sells, and if the debt is made on one *fi. fa.* he does not execute the others. But executing *ca. sa's.* are very different, for the service is performed upon making the arrest. Where there are separate *ca. sa's.* if there be default or escape on any one, the sheriff is liable. If the defendant is insolvent, and the sheriff does not produce him at court, he is defaulted and made liable.

*Shaaff,* in reply. If the plaintiff is considered as answerable for poundage fees, it may often happen that he can never recover them, especially if there is no penalty in his judgment to cover them. They are not the costs of the suit, and cannot be executed for and paid to the plaintiff as costs. The case in 5 *T. R.* 470, is full to the question, that the sheriff must look to the defendant for his poundage fees. The question has already been decided in this court on *fi. fa's.* and this case is not distinguishable. The sheriff is to do his duty. Suppose a joint *ca. sa.* against several defendants, it will not be contended that the sheriff has more than one poundage fee, and yet on the escape of any one of the defendants he will be answerable for the debt. If property is taken on a *fi. fa.* and the property is lost, stole, or cannot be produced, the sheriff is liable just in the same manner as if the defendant escape on a *ca. sa.*

CHASE, Ch. J.(a). The court think the question has been decided by this court, that the defendant, and not the plaintiff, is liable for the sheriff's poundage fees on executions. If it were not so, the poundage fees would be considered as part of the costs.

(a) *Done,* J. absent. *Sprigg,* J. concurred.

The assembly, by the act of *November* session 1779, *ch.* 25, *s.* 4, intended to redress the evil practice of sheriffs in taking more poundage fees than they ought. That act directs the sum to be endorsed, and the sheriff is not bound to execute the writ unless such endorsement is made. The act shews that the defendants are liable to pay those fees, and there is no instance of the plaintiff's receiving the poundage fees from the defendant.

Upon a *fieri facias,* if goods are taken, and the debt is compromised, the sheriff can sell to the amount of his poundage fees.

If the defendant has paid the debt and costs, the court would not say the sheriff could detain him in execution for the poundage fees. But the sheriff may call on the defendant for the poundage fees, and compel payment in the same manner as he can for other fees.

Suppose a *ca. sa.* against several persons, and one of them pays the debt and costs, and poundage fees, and the sheriff was to say he would not discharge the other defendants until they also paid the poundage fees; what would the court say? Why they would compel him to discharge the other defendants.

The court are of opinion, that no more can be received by the sheriff but poundage fees upon the sum *really and actually* due to the plaintiff in the execution. That the sheriff is not entitled to but one poundage fee on executions against the principal and his securities, whether on a joint or separate judgment; and that the defendant, and not the plaintiff, is answerable for the poundage fees. That where executions issue to separate counties for the same debt, against the principal and his securities, or several defendants, then the sheriffs ought to divide the poundage fees.

Mandamus refused.(a).

(a) The following is an opinion given by the Attorney General, (*Luther Martin*, Esq.) in October 1804, upon some of the questions raised in this case, viz.

"Judgments are obtained by a plaintiff in separate actions on the same bond, or on the same debt against principal and sureties. *Fi.fa's.* are taken out upon these judgments. Though each

GENERAL COURT, MAY TERM, 1805.

person is answerable for the whole debt, yet they are altogether only answerable for one amount. The sheriff cannot levy more than the whole debt upon any one or all. He is only at risk to the amount of the debt, and cannot therefore be entitled to claim more than poundage fees upon the actual debt. For these poundage fees, each and all are answerable till paid, but the sheriff cannot claim full poundage fees on the debt against each, and compel each to pay them."