ROBERT GILMOR
      vs.      }  March Term, 1847.
JOHN McP. BRIEN ET AL.

[POUNDAGE FEES OF SHERIFF.]

As a general rule, the defendant, and not the plaintiff, is answerable for pound-age fees.

If an execution issue irregularly, that being the act of the plaintiff, he, and not the defendant, will be liable to the sheriff for poundage fees ; but if an execution is stayed by injunction, the defendant is liable.

The claim of a sheriff for poundage fees, is a legal, and not an equitable, claim, and its payment must be enforced by a proceeding at law.

An agreement, by an assignee, of certain judgments to pay all legal costs arising thereon, was held not to impose an obligation on him to pay pound-age fees.

[Sundry judgments having been recovered against the defendant Brien, one at March term, 1841, five at November term 1841, and twelve at March term, 1842, writs of *fieri facias* were issued upon two of them, returnable at March term, 1842. and upon the others returnable at March term, 1843. The precise date of these writs did not appear, but it was admitted in the proceedings, that the two former were issued in the winter of 1841, and the others in the winter of 1842, and 1843 ; and also that in virtue thereof, levies were made on certain real and personal property of the defendant, Brien, which was advertised for sale. It also appeared that at the dates of the levies, the sheriffs had in their hands for collection, certain officers' fees due by said Brien, and to satisfy them, seized other property of his, but neither the precise date of this seizure or of the levy under the writs, or a schedule of the property levied upon, were produced.

On the 5th June, 1843, the complainant Gilmor, who held three several mortgages on the property of said Brien, dated respectively the 1st September, 1841, 22nd October, 1841, and 8th June, 1842, to secure him for moneys advanced, and responsibilities incurred for Brien, to a very large amount, filed his bill against said defendant, and the judgment creditors,

praying among other things, for an injunction to prevent the latter from proceeding upon their judgments. Subsequently the complainant purchased up these judgments, and had them entered for his own use, and agreed to pay all legal costs arising thereon.

A petition was afterwards filed in the case by Thomas Keller and David T. Wilson, late sheriff of Washington county, for an order on the complainant (who was admitted to be in actual possession of the property, claiming to hold under the mortgages to him,) to pay them the poundage fees on said executions, and also the officers' fees above mentioned.

This petition, (which sets out the above mentioned facts and also alleges the insolvency of the defendant Brien,) having been argued before the Chancellor, he delivered his opinion as follows:]

THE CHANCELLOR:

The general rule, undoubtedly, is, that the defendant and not the plaintiff, is answerable for the poundage fees. *Howard* vs. *the Levy Court*, 1 *H. & J.*, 558, approved in *Gurley* vs. *Lee, Gill & Johns.*, 395.

In this case, Mr. Gilmor is the plaintiff, being the assignee of the judgments, and if he can be made liable for these fees, it must be because of some exception to the general rule, which general rule imposes the burden upon the opposite party. There is nothing in his agreement made at the time he purchased the judgments, which imposes this obligation upon him, as it appears by the statement and deposition of Mr. Neil, who transacted the business for him, that he bound himself, and only agreed, to pay those fees which were chargeable to the plaintiffs in the judgments, and none others.

The Court of Appeals have said, in the case of *Gurley* vs. *Lee*, that if an execution issues irregularly, that being the act of the plaintiff, he and not the defendant will be liable to the sheriff for his poundage fees, but in the same case it was decided, that if the execution is stayed by injunction, the defendant at law is liable. In the case under consideration, the in-

4*

junction was not applied for by the defendant at law, but by a. mortgagee of the defendant, who asked for the protection of the court, by way of injunction to save property from seizure. and sale under a great number of executions on judgments against the mortgagor, every one of which, but one, appears to be posterior in date to the two first of his mortgages, which embrace all, or a great portion of the mortgagor's property in the county, and one for very large sums of money.

The Chancellor is unable to see any thing in the circumstances of the case, which would induce him to throw this burden upon the assignee of these judgments, and to engraft another exception upon the general rule, which makes it the duty of defendants to pay the poundage fees. But even conceding, for the sake of the argument, that Mr. Gilmor is liable to the sheriffs for these fees, upon what principle is it, that an application can be made to this court, to compel the payment.

The claim of a sheriff for his poundage fees is a legal, and not an equitable claim, and if Gilmor has, by taking an assignment of the judgments, or obtaining an injunction to restrain the judgment creditors from proceeding upon their executions, made himself liable to pay the money, what is to prevent the petitioners from proceeding at law against him ? The case of *Cape Sable Company*, 3 *Bland*, 630, relied upon by the council for the petitioners, decides, that the claim is a legal one and that a court of chancery will not interpose, unless the sheriff, without such interposition, is without remedy. The right of the sheriff to have recourse to this court, cannot be maintained upon the ground of lien, because, it is believed, he has no such lien, for his poundage, as will entitle him to follow the property when brought into this court for administration, and such was the opinion of the late Chancellor in the same case.

But the case of the Cape Sable Company in all those circumstances, which induced the Chancellor to sustain the application of the sheriff, is unlike the case under consideration. In that case the company, considered to be alone liable for the fees, was, by the decree of the court, and the sale under the

decree, stripped of every atom of its property, and reduced, in the language of the Chancellor, to the condition of a mere pennyless entity, utterly destitute of pecuniary ability to pay any claim.

The sheriff had levied executions upon the property of the company to satisfy judgments against it, when certain persons, representing the interests of one of the corporators of the company, applied for, and obtained an injunction, after which, and while the injunction was in force, a decree for a sale passed, by consent of the parties, under which, the entire property of the company was sold, including the whole of that upon which the executions had been levied.

Under these circumstances, it is perfectly obvious, that unless the sheriff could recover the fees due him from the proceeds of the sale in court, he was entirely without remedy.

But how different was that case from this—here there has been no sale, and there is no pretence, that Mr. Gilmor, if liable at all for these fees, may not be reached by a proceeding at law. The agreement, to be sure, asserts, that Mr. Brien is insolvent, but that does not affect the responsibility of Mr. Gilmor, and the order applied for, is, that he shall be required to pay the money.

The Chancellor, therefore, thinks, that the prayer of the petition cannot be granted as respects the poundage fees; and the claim for officers' fees, under the circumstances of this case, is also inadmissible, and consequently an order will be passed dismissing the petition.

[No appeal was taken from this order.]